**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM A. HART, Jr.,

Petitioner,

v.

MATSON TERMINALS, INC.; et al.,

Respondents.

No. 08-74063

No. 07-1004

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Labor

Argued and Submitted December 11, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

William Hart appeals a decision of the Benefits Review Board ("BRB")

affirming the order of an Administrative Law Judge ("ALJ") awarding benefits for

occupational hearing loss under the Longshore and Harbor Workers'

Compensation Act, 33 U.S.C. § 901, *et seq.* ("LHWCA" or "Act"). Because the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BRB committed no error of law and adhered to the substantial evidence standard, we affirm.

In claims brought before the BRB under the LHWCA, factual determinations by an ALJ are "conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). This court reviews decisions of the BRB under a similar standard; "[the court] review[s] BRB decisions 'for errors of law and for adherence to the substantial evidence standard.'" *Gen. Const. Co. v. Castro*, 401 F.3d 963, 965 (9th Cir. 2005) (quoting *Alcala v. Dir., OWCP*, 141 F.3d 942, 944 (9th Cir. 1998)). Further, "this court cannot substitute its views for the ALJ's views." *Id.* (quoting *Container Stevedoring Co. v. Dir., OWCP*, 935 F.2d 1544, 1546 (9th Cir. 1991) (internal quotation marks omitted)). Substantial evidence to support a decision means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)).

The BRB found the record contained substantial evidence supporting the ALJ's ultimate conclusion that the 1996 audiogram was the best measure of Hart's work-related hearing loss. The ALJ considered the results of twelve audiograms, performed from 1978 to 1996 while Hart was employed by Matson, as well as two

2

audiograms performed after Hart's retirement. The ALJ determined that the results of these audiograms indicated that Hart's hearing had indeed diminished while employed by Matson, but that the damage had not significantly increased subsequent to the termination of Hart's employment. In addition to the audiogram evidence, the ALJ also credited Dr. Schindler's testimony that hearing loss becomes more subtle after extended exposure to noise and that, once Hart was removed from the noisy environment, further hearing loss was not due to earlier exposure. The ALJ specifically noted that these conclusions were consistent with Dr. Schindler's medical testimony regarding how hearing is damaged.

Hart argues that *Bath Iron Works Corp. v. Director, OWCP*, 506 U.S. 153 (1993), requires employers to conduct an audiogram at retirement in order to protect themselves from liability for further hearing loss after retirement. Hart failed to make this argument before the ALJ and the BRB. However, we address it because it is purely an issue of law. *See AlohaCare v. Hawaii, Dept. of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009). Hart is mistaken regarding the impact of *Bath Iron Works*.

The LHWCA defines when an audiogram is "presumptive" evidence and otherwise allows the ALJ to determine which evidence is the most probative. *See* 20 C.F.R. § 702.441(b). *Bath Iron Works* does not create a contrary rule.

3

*Bath Iron Works* concerned which provision of the Act governed the calculation of benefits for hearing loss. 506 U.S. at 154–55. *Bath Iron Works* specifically noted that a determination of the amount of hearing damaged caused was not an issue in that case. *Id.* at 165. Therefore, the language regarding "freezing" hearing loss is not a change to an employer's duties under the law.

*Bath Iron Works* does not state that an employer *must* perform an audiogram at retirement or that, if the employer does not, it will automatically be responsible for all hearing loss. Instead, *Bath Iron Works* points out that an employer may protect itself from liability for post-retirement hearing loss by performing an audiogram at retirement. While there is no affirmative duty imposed by *Bath Iron Works*, employers (who fail to follow the advice of *Bath Iron Works*) may often be found liable for post-retirement hearing loss.

AFFIRMED.